## H. E. SULLIVAN v. STATE.

No. A-5792.   Opinion Filed Jan. 22, 1927.
(252 Pac. 442.)

H. S. Hurst and Ward Goble, for plaintiff in error.

Edwin Dabney, for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Oklahoma county on a charge of maintaining a public nuisance, a place where intoxicating liquors were kept, bartered, manufactured, and sold, in violation of the prohibitory liquor law, and sentenced to pay a fine of $300 and to confinement in the county jail for a term of 60 days.

The record discloses that defendant operated a cold

drink stand and lunch room in a small building on Harrison avenue, Oklahoma City, and resided there. There were two other occupants of the building, a Singer sewing machine agent and a shoemaker. Only two witnesses testified for the state. Their testimony is that the reputation of the place in question, as a place where intoxicating liquors were sold, was bad; that about two weeks prior to the occasion in question, they saw defendant and the sewing machine agent who occupied the same premises leave the building, and go away, and then return to a point nearby with a gallon of whisky. That they had seen persons going into the back room of this building, and then coming into the front room where the cold drink stand was and drinking. That on one occasion they smelled whisky on the breath of two persons in that place. That, on the day prior to the filing of the information, they found a pop bottle with some whisky in it; that they did not know to their own knowledge that liquor was sold there. There is no proof of any violation of the liquor law at this place. Proof that a place has a bad reputation is not alone sufficient to support a conviction for maintaining a public nuisance, nor is the evidence of the finding of a small quantity of whisky, not sufficient in amount to constitute prima facie evidence of intent to violate the prohibitory liquor law, sufficient to sustain the charge. Barngrover v. State, 28 Okla. Cr. 22, 229 P. 301, and authorities cited.

Other assignments of error are argued, but, since we find the evidence insufficient to sustain the verdict, it is not necessary that they be discussed.

The case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.