## JACK WHITE v. STATE.

No. A-7623.   Opinion Filed Feb. 7, 1931.
(296 Pac. 503.)

J. Q. A. Harrod and L. W. Harrod, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, hereinafter referred to as the defendant, was charged by information with maintaining and operating a certain two-story frame building wherein intoxicating liquor, to wit, whisky, was kept, bartered, sold, and given away and otherwise furnished to divers persons unknown, to the common nuisance of the public; was tried and convicted; and sentenced to pay a fine of $100 and to be confined in the county jail for 90 days.   From the judgment the defendant has appealed.

The testimony on behalf of the state shows that the officers had a search warrant and went to the home of the defendant and searched the same, and the witness stated they found about a gallon of whisky, but further in the testimony it was disclosed that the whisky was found in a toilet on property adjoining where the defendant lived where there were two or three other houses.

There is no testimony in the record showing that the whisky claimed to have been found by the officers in the toilet was in the possession of the defendant or ever had been in his possession. There is some testimony showing that some people had been seen in and around the defendant's house at different times, but there is no testimony showing any bartering, selling, giving away, or furnishing any whisky by the defendant to any one, or that any one was on the premises drinking at any time, and there is no testimony which tends to show any complaint from the neighbors claiming to have been disturbed or annoyed by the defendant.

The wife of the defendant stated that she learned from the officers where they claimed to have found the whisky, and that it was found on an adjoining lot to their property, and the houses on the lot where they claimed the whisky was found were occupied, and her family did not use the toilet where the officers claim the whisky was found. This is in substance the testimony.

The defendant has assigned several errors alleged to have been committed by the court in the trial of his case. The seventh, eighth, and ninth assignments will be considered together. The defendant urges that the court erred in overruling his motion for a new trial; that the verdict is contrary to the law and to the evidence.

Section 7870, C. O. S. 1921, defines the different kinds of nuisances. Section 7871 defines a public nuisance as follows:

"A public nuisance is one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon the individuals may be unequal."

Section 7872 defines private nuisance as follows:

"Every nuisance not included in the definition of the last section is private."

The information in this case charges the defendant with doing certain things amounting to a common nuisance to the public. Evidently the pleader intended to charge the defendant with a public nuisance.

In Sullivan v. State, 36 Okla. Cr. 95, 252 Pac. 442, this court in the syllabus said:

"On the trial of a charge of maintaining a public nuisance where intoxicating liquors are sold, proof of general reputation as such is admissible, but such proof alone is not sufficient to sustain a conviction, and where, in addition to general reputation, there is evidence of the finding of a small amount of whisky in a bottle, not sufficient * * * of intent to violate the law, and no proof of any violation of the liquor law at such place is made, the evidence is not sufficient to sustain a verdict of guilty."

The defendant urges that the testimony is wholly insufficient to maintain a charge against him of a public nuisance. The contention of the defendant is well founded, for the reason that there is no competent testimony to sustain the allegations of the information.

The defendant has urged a number of other errors alleged to have been committed in the trial of his case, and especially that the court erred in permitting the witness Eads to testify to the general reputation of the defendant's place at 710 North Stonewall, in Oklahoma City, as being a place where intoxicating liquor was bartered, sold, given away, and otherwise furnished to divers persons, and where people congregated for the purpose of drinking intoxicating liquor, on April 26, 1929, being bad.

A careful reading and study of the testimony tends to create a suspicion that the defendant in this case may have been handling intoxicating liquor, but the proof falls far short of that required by the statute to show beyond a reasonable doubt that the defendant was guilty of maintaining a public nuisance as charged in the information. The court permitted considerable testimony to go into the record with reference to a phone call for the defendant, while the officers were at the defendant's home, which related to a real estate transaction, and shed no light whatever upon the charge in this case; one of the witnesses stating that when he answered the phone he thought it related to another place the defendant was supposed to be maintaining.

The defendant in this case may be guilty, but there is no competent testimony sufficient to sustain the charge for which he was convicted.

The judgment is reversed.

EDWARDS, J., concurs.  CHAPPELL, J., dissents.